FILED
2008 NOV -5 PM 3:43
CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY:_____ DEPUTY

THE WESTON FIRM ;
GREGORY S. WESTON (239944)
MELANIE A. PORTER (253500)
5127 Lotus Street
San Diego, CA 92107
Telephone:    619 255 7098
Fax:          480 247 4553
greg@thewestonfirm.com
melanie@thewestonfirm.com

Counsel for Plaintiffs

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

SAN DIEGO DIVISION

'08 CV 2052 JM WMc

STEVE ADACHI, JEREMY CARSON, ERICKA GARDEA, MICHAEL GARDEA, GLENN HENDERSON, MARY HENDERSON, STEVE HENDERSON, VICTOIRE HOVLAND, DOUGLAS KIM, IMAAN MOHAMMADPOUR, RIYE PARK, EILEEN PEVIANI, TED SUMIDA, and JESSICA VANDERLAN, on behalf of themselves and all others similarly situated,

Plaintiffs,

v.

CARLYLE/GALAXY SAN PEDRO, L.P., CARLYLE SAN PEDRO GP, L.L.C, GALAXY SAN PEDRO, L.L.C., CARLYLE SAN PEDRO, L.L.C., CARLYLE REALTY PARTNERS IV, L.P., GALAXY COMMERICAL HOLDING, L.L.C., RAFFI COHEN, and MARA ESCROW COMPANY,

Defendants.

Case No:

CLASS ACTION

COMPLAINT FOR VIOLATIONS OF THE INTERSTATE LAND SALES FULL DISCLOSURE ACT, THE SHERMAN ACT, THE UNFAIR COMPETITION LAW, THE COMMON LAW OF UNFAIR COMPETITION, FRAUD, BREACH OF CONTRACT, FOR RESCISSION, AND FOR CONSTRUCTIVE TRUST AND EQUITABLE LIEN

DEMAND FOR JURY TRIAL

1
COMPLAINT FOR VIOLATIONS OF THE INTERSTATE LAND SALES FULL DISCLOSURE ACT, THE SHERMAN ACT, THE UNFAIR COMPETITION LAW, THE COMMON LAW OF UNFAIR COMPETITION, FRAUD, BREACH OF CONTRACT, FOR RESCISSION, AND FOR CONSTRUCTIVE TRUST AND EQUITABLE LIEN

Plaintiffs Steve Adachi, Jeremy Carson, Ericka Gardea, Michael Gardea, Glenn Henderson, Mary Henderson, Steve Henderson, Victoire Hovland, Douglas Kim, Imman Mohammadpour, Riye Park, Eileen Peviani, Ted Sumida, and Jessica Vanderlan ("Plaintiffs"), on behalf of themselves and all others similarly situated, by and through their undersigned counsel, hereby sue Defendants Carlyle/Galaxy San Pedro, L.P., Carlyle San Pedro GP, L.L.C., Galaxy San Pedro, L.L.C., Carlyle San Pedro, L.L.C., Carlyle Realty Partners IV, L.P., Galaxy Commercial Holding, L.L.C., Raffi Cohen, and Mara Escrow Company ("Defendants") and, upon information and belief and investigation of counsel, allege as follows:

## JURISDICTION AND VENUE

1. Jurisdiction is proper in this Court under 15 U.S.C. §§15 and 26; 28 U.S.C. §§1331 and 1337; and 15 U.S.C. § 1719.

2. Venue is proper in this Court under 15 U.S.C. §§15, 22, and 26; and 28 U.S.C. §1391 because one or more Defendants transact business in this district and at least one member of the Class defined herein resides and was damaged in this district.

## THE PARTIES

3. Plaintiffs Steve Adachi, Jeremy Carson, Ericka Gardea, Michael Gardea, Glenn Henderson, Mary Henderson, Steve Henderson, Victoire Hovland, Douglas Kim, Imman Mohammadpour, Riye Park, Eileen Peviani, Ted Sumida, and Jessica Vanderlan are residents and citizens of California.

4. Defendant Carlyle/Galaxy San Pedro, L.P. ("Carlyle") is incorporated in New Castle County, Delaware with its principal place of business located at 8906 West Olympic Boulevard, Suite 200, Beverly Hills, California 90211. Carlyle is the developer of Vue

2
COMPLAINT FOR VIOLATIONS OF THE INTERSTATE LAND SALES FULL DISCLOSURE ACT, THE SHERMAN ACT, THE UNFAIR COMPETITION LAW, THE COMMON LAW OF UNFAIR COMPETITION, FRAUD, BREACH OF CONTRACT, FOR RESCISSION, AND FOR CONSTRUCTIVE TRUST AND EQUITABLE LIEN

("Condominium" or "Vue"), a partially-completed residential condominium tower in San Pedro, California.

5.  Defendant Carlyle San Pedro GP, L.L.C. is incorporated in Delaware. Defendant is a developer of Vue and a corporate alter ego of Defendant Carlyle/Galaxy San Pedro, L.P.

6.  Defendant Galaxy San Pedro, L.L.C. is incorporated in Delaware. Defendant is a developer of Vue and a corporate alter ego of Defendant Carlyle/Galaxy San Pedro, L.P.

7.  Defendant Carlyle San Pedro, L.L.C. is incorporated in Delaware. Defendant is a developer of Vue and a corporate alter ego of Defendant Carlyle/Galaxy San Pedro, L.P.

8.  Defendant Carlyle Realty Partners IV, L.P. is incorporated in Delaware. Defendant is a developer of Vue and a corporate alter ego of Defendant Carlyle/Galaxy San Pedro, L.P.

9.  Defendant Galaxy Commercial Holding, L.L.C. is incorporated in Delaware. Defendant is a developer of Vue and a corporate alter ego of Defendant Carlyle/Galaxy San Pedro, L.P.

10. Defendant Raffi Cohen is a resident and citizen of California, a developer of Vue, the principal officer of Defendant Galaxy Commercial Holding, L.L.C., and an alter ego of Defendant Carlyle/Galaxy San Pedro, L.P.

11. Defendant Mara Escrow Company ("Mara Escrow") is incorporated in California with its principal place of business located at 9401 Wilshire Boulevard, Suite 515, Beverly Hills, California 90212. Mara Escrow is the designated escrow holder for the Vue.

12. With the exception of Mara Escrow Company, all Defendants are developers as defined by the Interstate Land Sales Full Disclosure Act and are collectively called "Developer Defendants."

COMPLAINT FOR VIOLATIONS OF THE INTERSTATE LAND SALES FULL DISCLOSURE ACT, THE SHERMAN ACT, THE UNFAIR COMPETITION LAW, THE COMMON LAW OF UNFAIR COMPETITION, FRAUD, BREACH OF CONTRACT, FOR RESCISSION, AND FOR CONSTRUCTIVE TRUST AND EQUITABLE LIEN

## FACTUAL ALLEGATIONS

13. Plaintiffs Adachi and Sumida signed a purchase contract for Unit No. 318 and paid a deposit of $29,737, or 8% of the purchase price.

14. Plaintiffs Carson, Ericka Gardea, and Michael Gardea signed a purchase contract for Unit No. 1204 and paid a deposit of $31,802.35, or 8% of the purchase price.

15. Plaintiffs Glenn Henderson, Mary Henderson, and Steve Henderson signed a purchase contract for Unit No. 1007 and paid a deposit of $43,903.36, or 8% of the purchase price.

16. Plaintiff Hovland signed a purchase contract for Unit No. 1113 and paid a deposit of $74,066, or 10% of the purchase price.

17. Plaintiff Kim signed a purchase contract for Unit No. 1104 and paid a deposit of $31,469.12, or 8% of the purchase price.

18. Plaintiff Mohammadpour signed a purchase contract for Unit No. 808 and paid a deposit of $33,000, or 8% of the purchase price.

19. Plaintiff Park signed a purchase contract for Unit No. 908 and paid a deposit of $34,040, or 8% of the purchase price.

20. Plaintiff Peviani signed a purchase contract for Unit No. 902 and paid a deposit of $30,802.95, or 8% of the purchase price.

21. Plaintiff Vanderlan signed a purchase contract for Unit No. 401 and paid a deposit of $18,303.60, or 5% of the purchase price.

22. Plaintiffs did not receive a property report before signing the purchase contract, as required by the Federal Interstate Land Sales Full Disclosure Act ("ILSA").

COMPLAINT FOR VIOLATIONS OF THE INTERSTATE LAND SALES FULL DISCLOSURE ACT, THE SHERMAN ACT, THE UNFAIR COMPETITION LAW, THE COMMON LAW OF UNFAIR COMPETITION, FRAUD, BREACH OF CONTRACT, FOR RESCISSION, AND FOR CONSTRUCTIVE TRUST AND EQUITABLE LIEN

23. All conditions precedent to the commencement and prosecution to final judgment of this civil action have taken place, have been performed, or have been waived or excused by Defendants.

24. Plaintiffs have been compelled to engage the services of the undersigned attorney and to pay a reasonable fee.

## CLASS REPRESENTATION ALLEGATIONS

25. Plaintiffs bring this action on behalf of themselves and the following Class:

All persons and entities (excluding officers, directors, and employees of Defendants) who entered into a purchase contract and paid a deposit for residential real estate at the Vue, but who have not closed on their purchase ("The Class").

26. The claims of Plaintiffs on behalf of the Class are maintainable under Rules 23(b)(2)-(3) of the Federal Rules of Civil Procedure.

27. The questions of law and fact common to the Class predominate over any questions affecting only individual members.

28. The questions of law and fact common to Plaintiffs and the Class include:

   a. Whether the purchase contract is void for unconscionability.
   b. Whether Defendants violated the Interstate Land Sales Full Disclosure Act, the Sherman Act, the Unfair Competition Law, and California's common law of unfair competition.
   c. Whether Plaintiffs and the Class were injured by Defendants' conduct.
   d. Whether the Developer Defendants will be unjustly enriched at the expense of Plaintiffs and the Class if a constructive trust or equitable lien is not imposed on the deposits in escrow;
   e. Whether Plaintiffs and the Class are suffering or will suffer continuing irreparable injury owing to the continued possession of their deposits by the Developer Defendants and Mara Escrow;

    f.  Whether Plaintiffs and the Class have no adequate remedy at law;

    g.  Whether Carlyle San Pedro GP, L.L.C. is the corporate alter ego of Defendant Carlyle/Galaxy San Pedro, L.P.;

    h.  Whether Galaxy San Pedro, L.L.C. is the corporate alter ego of Defendant Carlyle/Galaxy San Pedro, L.P.;

    i.  Whether Carlyle San Pedro, L.L.C. is the corporate alter ego of Defendant Carlyle/Galaxy San Pedro, L.P.;

    j.  Whether Carlyle Realty Partners IV, L.P. is the corporate alter ego of Defendant Carlyle/Galaxy San Pedro, L.P.;

    k.  Whether Galaxy Commercial Holding, L.L.C. is the corporate alter ego of Defendant Carlyle/Galaxy San Pedro, L.P.

    l.  Whether Raffi Cohen is the corporate alter ego of Defendant Carlyle/Galaxy San Pedro, L.P.

29. Plaintiffs are typical members of the Class because Plaintiffs and all other members of the Class signed purchase contracts that were identical on all points relevant to the claims of this action.

30. Plaintiffs will fairly and adequately protect the interests of the Class. Plaintiffs have no interests that are incompatible with the interests of the Class, and they have retained counsel competent and experienced in class litigation.

31. Class representation is superior to other options for the resolution of the controversy. The Class is definable from the records in the files of Defendants. The relief sought for each Class member is relatively small, given the expense and burden of the prosecution. Absent the availability of class action procedures, it would be infeasible for the members of the Class to redress the wrongs done to them.

32. Even if the members of the Class could afford individual litigation, the court system could not. Class treatment will eliminate the possibility of repetitious litigation. It will

6

also present fewer case management difficulties and provide the benefits of economy of scale, unitary adjudication, and comprehensive supervision by a single court, without the duplication of effort and expense that numerous individual actions would require.

33. Class representation is superior to other options because the funds available for recovery may be limited, given the weak financial position of Defendant Carlyle/Galaxy San Pedro, L.P. In the event that liability cannot be established against additional Developer Defendants, full recovery for all Class members may not be available. Thus, a class action is the most equitable method of distributing a limited common fund to Class members.

34. Defendants have acted on grounds applicable to the Class, thereby making appropriate final injunctive relief or declaratory relief concerning the Class as a whole.

## COUNT I

### Violation of the Interstate Land Sales Full Disclosure Act, 15 U.S.C. § 1701 *et seq.*
### (Against Developer Defendants)

35. Plaintiffs reallege and incorporate the allegations of the foregoing paragraphs as if set forth in full herein.

36. The Interstate Land Sales Full Disclosure Act, codified at 15 U.S.C. § 1701 *et seq.*, was enacted by Congress in 1968 to protect consumers from fraud and abuse in the sale of property. The law, which applies to the sale of units at the Vue, is administered by the United States Department of Housing and Urban Development and is intended to ensure that buyers receive important disclosures about the property from the developers before they enter into a purchase contract.

37. ILSA makes it unlawful, under 15 U.S.C. § 1703(a)(1)(A), for a developer, directly or indirectly,to make any use of any means or instrumentalities of transportation or

communication in interstate commerce or of the United States Postal Service, with respect to the sale or lease of any lot (including a condominium unit) unless a Statement of Record with respect to such lot (including a condominium unit) has been filed with the Secretary of Housing and Urban Development and is in effect in accordance with 15 U.S.C. § 1706.

38. The Developer Defendants made use of means or instrumentalities of transportation or communication in interstate commerce or of the United States Postal Service with respect to the sale of the units at the Condominium.

39. The Vue does not qualify for any exemption to ILSA.

40. 15 U.S.C. § 1706 requires the developer to make certain specific disclosures about the lot in the Statement of Record. The Statement of Record filed for the Vue fails to comply with these requirements. Specifically, the Vue's Statement of Record does not include:

    a.    a legal description of the subdivision and a statement of the topography thereof, together with a map showing the division proposed and the dimensions of the lots to be covered by the statement of record and their relation to existing streets and roads;

    b.    a statement of the condition of the title to the land comprising the subdivision, including all encumbrances and deed restrictions and covenants applicable thereto;

    c.    a statement of the general terms and conditions, including the range of selling prices or rents at which it is proposed to dispose of the lots in the subdivision;

    d.    a statement of the present condition of access to the subdivision, the existence of any unusual conditions relating to noise or safety which affect the subdivision and are known to the developer, the availability of sewage disposal facilities and other public utilities (including water, electricity, gas and telephone facilities) in the subdivision, the proximity in miles to the subdivision to nearby municipalities, and the nature of any improvements to be installed by the developer and his estimated schedule for completion;

8
COMPLAINT FOR VIOLATIONS OF THE INTERSTATE LAND SALES FULL DISCLOSURE ACT, THE SHERMAN ACT, THE UNFAIR COMPETITION LAW, THE COMMON LAW OF UNFAIR COMPETITION, FRAUD, BREACH OF CONTRACT, FOR RESCISSION, AND FOR CONSTRUCTIVE TRUST AND EQUITABLE LIEN

e.  in the case of any subdivision or portion thereof against which there a exists a blanket encumbrance, a statement of the consequences for an individual purchaser of a failure, by the person or persons bound, to fulfill obligations under the instrument or instruments creating such encumbrance and the steps, if any, taken to protect the purchaser in such eventuality;

f.  copy of its articles of incorporation, with all amendments thereto, if the developer is a corporation;

g.  copies of all instruments by which the trust is created or declared, if the developer is a trust;

h.  copies of its articles of partnership or association and all other papers pertaining to its organization, if the developer is a partnership, unincorporated association, joint stock company, or any other form of organization; and

i.  if the purported holder of legal title is a person other than developer, copies of the above documents for such person;

j.  copies of the deed or other instrument establishing title to the subdivision in the developer or other person and copies of any instrument creating a lien or encumbrance upon the title of developer or other person or copies of the opinion or opinions of counsel in respect to the title to the subdivision in the developer or other person or copies of the title insurance policy guaranteeing such title;

k.  copies of all forms of conveyance to be used in selling or leasing lots to purchasers;

l.  copies of instruments creating easements or other restrictions;

m.  such certified and uncertified financial statements of the developer as the Secretary may require; and

n.  such other information and such other documents and certifications as the Secretary may require as being reasonably necessary or appropriate for the protection of purchasers.

41. ILSA also makes it unlawful, under 15 U.S.C. § 1703(a)(1)(B), for a developer, directly or indirectly, to make use of any means or instrumentalities of transportation or

communication in interstate commerce or of the United States Postal Service with respect to the sale or lease of any lot (including a condominium unit) which is not exempt under 15 U.S.C. § 1702 unless a printed Property Report meeting the requirements of 15 U.S.C. § 1707 has been furnished to the purchaser in advance of the signing of any contract by the purchaser.

42. Furthermore, under 15 U.S.C. §1703(c), any contract for the sale or lease of a lot (including a condominium unit) for which a Property Report is required must clearly provide the right of the purchaser to revoke the purchase contract if the Property Report has not been given to the purchaser in advance of his signing the contract.

43. As detailed above, a Statement of Record that makes the disclosures mandated by 15 U.S.C. § 1705 was not filed with the Secretary of Housing and Urban Development.

44. Plaintiffs never received a Property Report for their Condominium units in accordance with 15 U.S.C. § 1703(a)(1)(B).

45. The purchase contract does not clearly provide the right of the purchaser to revoke the contract if the Property Report has not been provided to him in advance of his signing the contract.

46. The method of disposition of the Condominium was adopted for the purpose of evasion of ILSA.

47. Plaintiffs and the Class are therefore entitled to rescind the purchase contract and receive from Defendants all the funds they were induced to pay to fulfill the terms of the contract and all the interest that has accrued on these funds.

48. Plaintiffs are entitled to reasonable attorney fees pursuant to 15 U.S.C. § 1709(c).

## COUNT II

**Violation of the Sherman Act, 15 U.S.C. §1 *et seq.***

COMPLAINT FOR VIOLATIONS OF THE INTERSTATE LAND SALES FULL DISCLOSURE ACT, THE SHERMAN ACT, THE UNFAIR COMPETITION LAW, THE COMMON LAW OF UNFAIR COMPETITION, FRAUD, BREACH OF CONTRACT, FOR RESCISSION, AND FOR CONSTRUCTIVE TRUST AND EQUITABLE LIEN

(Against Developer Defendants)

49. Plaintiffs reallege and incorporate the allegations of the foregoing paragraphs as if set forth in full herein.

50. The Developer Defendants offered to discount the second deposit by 2% of the purchase price "in the event that Buyer obtains a minimum eighteen (18) month interest rate lock from one of Seller's Preferred Lenders." Consequently, the developers tied the sale of real estate financial services provided by "Seller's Preferred Lenders" (the "tied product") to the sale of units at the Condominium (the "tying product").

51. The Developer Defendants have an economic interest in the sale of the tied product.

52. The Developer Defendants have substantial market power in the tying product market.

53. Plaintiffs and the Class were damaged by the Developer Defendants' conduct.

## COUNT III

**Violation of the California Common Law of Unfair Competition**
**(Against Developer Defendants)**

54. Plaintiffs reallege and incorporate the allegations of the foregoing paragraphs as if set forth in full herein.

55. The Developer Defendants' conduct constitutes unfair competition under California common law.

56. As a direct and proximate result of the developers' unfair competition, Plaintiffs and the Class were injured in an amount according to proof at trial.

11

57. The Developer Defendants' unfair competition constituted despicable conduct that subjected Plaintiffs and the Class to cruel and unjust hardship in conscious disregard of their rights so as to justify an award of punitive damages.

## COUNT IV

**Violation of the California Unfair Competition Law, Bus. & Prof. Code § 17200 *et seq.*
(Against Developer Defendants)**

<u>Unlawful</u>

58. Plaintiffs reallege and incorporate the allegations of the foregoing paragraphs as if set forth in full herein.

59. The Developer Defendants violated the Interstate Land Sales Full Disclosure Act, the Sherman Act, and California's common law and therefore also violated the "unlawful" prong of the California Unfair Competition Law.

<u>Unfair/Unconscionable</u>

60. The purchase contract is unconscionable. It is written in a legalese dialect that the developers knew would be impenetrable to the average customer. For example:

    a. The Seller shall give written notice ("Seller's Notice and Demand"), in the manner prescribed by Section 116.340 of the Code of Civil Procedure for service in a small claims action, to Escrow Holder and to Buyer, that Buyer is in default under this agreement and that Seller is demanding that Escrow Holder remit the purchase money deposit to Seller as liquidated damages unless, within twenty (20) days, Buyer gives Escrow Holder Buyer's written objection to disbursement of purchase money as liquidated damages ("Buyer's Objection") (Purchase Contract at § 10(C)(1)).

    b. Except as modified by the terms of this agreement, the arbitration shall be conducted in accordance with the rules and procedures of the arbitration service then in effect, either the streamlined arbitration rules and procedures, or (if applicable) the

12

COMPLAINT FOR VIOLATIONS OF THE INTERSTATE LAND SALES FULL DISCLOSURE ACT, THE SHERMAN ACT, THE UNFAIR COMPETITION LAW, THE COMMON LAW OF UNFAIR COMPETITION, FRAUD, BREACH OF CONTRACT, FOR RESCISSION, AND FOR CONSTRUCTIVE TRUST AND EQUITABLE LIEN

comprehensive arbitration rules of JAMS, or the commercial arbitration rules of the AAA (Purchase Contract at § 11(A)).

61. The Developer Defendants drafted certain clauses with the clear objective of circumventing the statutory and common law rules that exist to protect the parties in precisely this circumstance: on one side is an individual unlikely to be represented by legal counsel, on the other a sophisticated corporation presenting the individual with a contract of adhesion.

62. The developers sprinkled the contract with supposed "waivers" of their customers' statutory and common law rights. For instance, in the middle of an unbroken 22-line section misleadingly titled "Time of the Essence; Miscellaneous," the developers "disclaim" all implied common law warranties:

> This Agreement constitutes the entire and complete Agreement of the parties hereto…The only representations, agreements and warranties made by Seller are those set forth in writing in this Agreement and in the Final Subdivision Public Report (Purchase Contract at § 20).

While the purchase contract purports to free the developers from all implied warranties, this liberty is a one-way street. There is no such provision freeing Class members from implied warranties and covenants.

61. Also unconscionably one-sided is the provision that if the Seller does not complete the Condominium within 36 months *through no fault of the Buyer*, the Buyer's remedies are "limited to the termination of this Agreement and Escrow and refund of all amounts deposited into Escrow, by Buyer, without deduction, within fifteen (15) calendar days." Purchase Contract at § 6. Additionally, even after the Seller constructs the Condominium, the close of escrow is conditional on the presence of signed purchase contracts for 50% of the units in the Condominium. Purchase Contract at § 7(c).

62. However, if the escrow account is not closed *through no fault of the Seller,* the Buyer will pay the Seller $200 per day after the close of escrow "to compensate Seller for costs incurred." Additionally, the Seller will have the option of holding the Buyer in default, terminating the Agreement, and canceling the escrow in accordance with § 10 after 10 days. Purchase Contract at § 7. There are no comparable recourses for closure delays by the Seller. Besides being one-sided in allowing only the Seller a virtual *carte blanche* to delay performance, the $200 per day payment imposed on Plaintiffs is so grossly disproportionate to any financial burden this delay places on Defendants that it clearly amounts to an illegal penalty clause.

63. The purchase contract thus violates the "unfair" prong of the UCL.

## COUNT V

### Fraud
### (Against Developer Defendants)

64. Plaintiffs reallege and incorporate the allegations of the foregoing paragraphs as if set forth in full herein.

65. The Developer Defendants' sales agents, press releases, and website marketed the view from the Vue as "unmatched," "unrivaled," and "amazing even from the lower floor" to induce Plaintiffs and the Class to pay a premium for their units at the Condominium.

66. The developers' sales agents stressed the Vue's beautiful views to convince Plaintiffs and the Class to purchase their Condominium properties at above-market prices.

67. According to an August 6, 2006 press release, the Vue was "named for its unmatched views of the waterfront and Palos Verdes Peninsula." Similarly, the Vue website states, "VUE. With a name like that, you'd better have one. And we do. A view so incredible,

it'll take your breath away." The name of the Condominium was calculated to convince Plaintiffs and the Class that the Vue's major selling and pricing point was its "incredible" view.

68. The Developer Defendants' marketing materials continuously praised the Vue's "stunning" ocean and harbor views, "unmatched waterfront views," and "unrivaled views of the harbor." In a September 14, 2007 press release, construction manager Steve Cienfuegos claimed that the Vue has "amazing views even from the lower floor. The views are truly one-of-a-kind."

69. The developers' aggressive marketing of the Vue's views was directly responsible for the high market prices of the Condominium units.

70. However, the Developer Defendants omitted the material fact that they planned to construct a second residential condominium tower directly in front of the Vue, blocking the promised economically valuable water views. On October 27, 2008, Defendant Galaxy Commercial Holdings unveiled its plan to build a 23-story tower blocking the Vue's views. Local real estate agents have dubbed the new building "the Vue blocker." An additional 18-story structure next door to the new building is also planned.

71. By making material omissions in their misleading marketing campaign, the developers of the Vue perpetrated a fraud on the market that inflated the prices of units at the Vue.

72. Had the Developer Defendants not made material omissions to Plaintiffs and the Class, the market prices of all Vue properties would have been substantially lower than the amounts they actually paid.

## COUNT VI

**Breach of Contract**
**(Against Developer Defendants)**

73. Plaintiffs reallege and incorporate the allegations of the foregoing paragraphs as if set forth in full herein.

**First Breach: Storage Units**

74. The Developer Defendants agreed to provide Class members with a separate space for storage units.

75. The Buyers relied on the Seller's representations when determining whether to invest their money in a unit at the Vue.

76. The developers unilaterally modified the Condominium plan to eliminate the promised storage units.

77. The Buyers had a material interest in the inclusion of this amenity. The value of the promised properties is significantly lower because of this breach.

**Second Breach: Liquidated Damages Clause**

78. The purchase contract's liquidated damages clause violates Civil Code § 1675(d), which requires the developer to prove that an amount in excess of 3% of the purchase price is a reasonable estimate of its liquidated damages. The contract places an unlawful burden on the Buyer that purports to release the Seller from complying with § 1675(d) and allows the Seller to keep *all* of the deposit without *any* proof of damages if the Buyer does not submit a written objection within 20 days (Purchase Contract at § 10).

79. Notwithstanding their failure to bear the unlawful burden of submitting a written objection to stop the Seller from keeping over 3% of the purchase price without establishing the reasonableness of this estimate of liquidated damages, Plaintiffs and the Class are entitled to specific performance of the liquidated damages provision *as limited by California law*, meaning a refund of all monies in excess of 3% of the purchase price of Plaintiffs' properties.

16

COMPLAINT FOR VIOLATIONS OF THE INTERSTATE LAND SALES FULL DISCLOSURE ACT, THE SHERMAN ACT, THE UNFAIR COMPETITION LAW, THE COMMON LAW OF UNFAIR COMPETITION, FRAUD, BREACH OF CONTRACT, FOR RESCISSION, AND FOR CONSTRUCTIVE TRUST AND EQUITABLE LIEN

## COUNT VII

### Constructive Trust and Equitable Lien
### (Against All Defendants)

80. Plaintiffs reallege and incorporate the allegations of the foregoing paragraphs as if set forth in full herein.

81. In accordance with the terms of the purchase contract, Plaintiffs and the Class paid monies to the Developer Defendants and Mara Escrow, the escrow holder in the sale of the Vue Condominium.

82. Some of these funds remain in the accounts of Mara Escrow, and the rest are in the accounts of the developers.

83. The purchase contract is void for violations of the Interstate Land Sales Full Disclosure Act and unconscionability.

84. A constructive trust or equitable lien must be imposed on these monies to prevent the unjust enrichment of the Developer Defendants at the expense of Plaintiffs and the Class.

85. Plaintiffs and the Class are suffering continuing irreparable injury owing to the continued possession of their monies by the developers and have no adequate remedy at law.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs demand judgment against Defendants as follows:

1. For damages in an amount in excess of the jurisdictional minimum of this Court;

2. For treble damages for violations stemming from violations of the Sherman Act;

3. For punitive damages for fraud;

4. For rescission of the purchase contract and for a constructive trust or equitable lien to be placed on all funds in the possession of Defendants and their affiliated entities and

COMPLAINT FOR VIOLATIONS OF THE INTERSTATE LAND SALES FULL DISCLOSURE ACT, THE SHERMAN ACT, THE UNFAIR COMPETITION LAW, THE COMMON LAW OF UNFAIR COMPETITION, FRAUD, BREACH OF CONTRACT, FOR RESCISSION, AND FOR CONSTRUCTIVE TRUST AND EQUITABLE LIEN

subsidiaries, which were paid by Plaintiffs and the Class in their performance of the terms of the purchase contract;

5. For pre-judgment and post-judgment interest at the maximum legal rate;

6. For reasonable attorney fees and costs;

7. For such other relief as the Court may deem just and proper.

Dated: November 5, 2008.

Respectfully submitted,

*Greg Weston*

GREGORY S. WESTON
THE WESTON FIRM
5127 Lotus Street
San Diego, CA  92107
Telephone:   619 255 7098
Facsimile:    480 247 4553
www.TheWestonFirm.com
greg@thewestonfirm.com

***Attorney for Plaintiffs***

COMPLAINT FOR VIOLATIONS OF THE INTERSTATE LAND SALES FULL DISCLOSURE ACT, THE SHERMAN ACT, THE UNFAIR COMPETITION LAW, THE COMMON LAW OF UNFAIR COMPETITION, FRAUD, BREACH OF CONTRACT, FOR RESCISSION, AND FOR CONSTRUCTIVE TRUST AND EQUITABLE LIEN

JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

### I. (a) PLAINTIFFS
Adachi, Steve; Carson, Jeremy; Gardea, Ericka; Gardea, Michael; Henderson, Glenn; Henderson, Mary, Henderson, Steve; et al.

**(b)** County of Residence of First Listed Plaintiff   **Los Angeles, CA**
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Gregory S. Weston, The Weston Firm, 5127 Lotus Street, San Diego, CA 92107, (619) 255-7098

### DEFENDANTS
Carlyle/Galaxy San Pedro, LP; Carlyle San Pedro GP, LLC; Galaxy San Pedro, LLC; Carlyle San Pedro, LLC; et al.

County of Residence of First Listed Defendant   **New Castle, DE**
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known)

'08 CV 2052 JM WMc

### II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

### III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

### IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☒ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |

### V. ORIGIN (Place an "X" in One Box Only)
☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

### VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
15 USC 1701 and 15 USC 1
Brief description of cause:
Violation of the Interstate Land Sales Full Disclosure Act and the Sherman Act

### VII. REQUESTED IN COMPLAINT:
☒ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

### VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____   DOCKET NUMBER _____

DATE   11/5/08
SIGNATURE OF ATTORNEY OF RECORD   *Gregory Weston*

**FOR OFFICE USE ONLY**

RECEIPT # 156789   AMOUNT $350   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

XT

```
            UNITED STATES
           DISTRICT COURT
        SOUTHERN DISTRICT OF CALIFORNIA
              SAN DIEGO DIVISION

         # 156789      - TC
         * * C O P Y * *
         November 05, 2008
              15:48:03


           Civ Fil Non-Pris
      USAO #.: 08-2052
      Judge..: JEFFREY T MILLER
      Amount.:            $350.00 CC



         Total-> $350.00


      FROM: ADACHI VS CARLYLE
```