THE WESTON FIRM
GREGORY S. WESTON (239944)
MELANIE A. PORTER (253500)
5127 Lotus Street
San Diego, CA 92107
Telephone:     619 255 7098
Fax:               480 247 4553
greg@thewestonfirm.com
melanie@thewestonfirm.com

<u>Counsel for Plaintiffs</u>

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

SAN DIEGO DIVISION

| | |
|---|---|
| STEVE ADACHI, SHARLYNE BRAUDE, JEREMY CARSON, ERICKA GARDEA, MICHAEL GARDEA, PARAG GUPTA, SUGANDHA GUPTA, GLENN HENDERSON, MARY HENDERSON, STEVE HENDERSON, VICTOIRE HOVLAND, DOUGLAS KIM, YOGENDRA KUMAR, IMAAN MOHAMMADPOUR, RIYE PARK, GREG PERRAULT, EILEEN PEVIANI, TED SUMIDA, and JESSICA VANDERLAN, on behalf of themselves and all others similarly situated, | Case No: 08 CV 2052 JM WMc **PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS OR TRANSFER VENUE** Judge: The Hon. Jeffrey T. Miller Date: January 16, 2009 Time: 1:30 p.m. Location: Courtroom 16 |
| Plaintiffs, | |
| v. | |
| CARLYLE/GALAXY SAN PEDRO, L.P., CARLYLE SAN PEDRO GP, L.L.C, GALAXY SAN PEDRO, L.L.C., CARLYLE SAN PEDRO, L.L.C., CARLYLE REALTY PARTNERS IV, L.P.,  GALAXY COMMERICAL HOLDING, L.L.C., RAFFI COHEN, and MARA ESCROW COMPANY, | |
| Defendants. | |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# TABLE OF AUTHORITIES

## CASES

*Air Prods. & Controls, Inc. v. Safetech Int'l, Inc.*, 503 F.3d 544 (6th Cir. 2007) ........................ 5

*Board of County Comm'rs v. Wilshire Oil Co.*, 523 F.2d 125 (10th Cir. 1975) .......................... 5

*Burger King Corp. v. Rudzewicz*, 471 U.S. 462 (1985) ............................................. 14, 16

*Cal. Serv. Emples. Health & Welfare Trust Fund v. Advance Bldg. Maint.*, 2007 U.S. Dist. LEXIS 95517 (N.D. Cal. Dec. 26, 2007) .................................................. 9

*Calder v. Jones*, 465 U.S. 783 (1984) ...................................................................... 16

*Courtesy Chevrolet, Inc. v. Tennessee Walker Horse Breeders' & Exhibitors' Asso.*, 344 F.2d 860 (9th Cir. Cal. 1965) ............................................................................ 7

*Flynt Distributing Co., Inc. v. Harvey*, 734 F.2d 1389 (9th Cir. 1984) ........................ 12

*Gordy v. Daily News, L.P.*, 95 F.3d 829 (9th Cir. Cal. 1996) ..................................... 12

*Haisten v. Grass Valley Medical Reimbursement Fund, Ltd.*, 784 F.2d 1392 (9th Cir. Cal. 1986) ...........................................................................11, 12, 16

*Howard v. Everex Sys.*, 228 F.3d 1057 (9th Cir. Cal. 2000) ..................................... 11

*In re Auto. Refinishing Paint Antitrust Litig.*, 358 F.3d 288 (3d Cir. 2004) ................... 5

*Int'l Shoe Co. v. Wash.*, 326 U.S. 310 (1945) .......................................................... 5

*Johnson v. Proline Concrete Tools, Inc.*, 2008 U.S. Dist. LEXIS 73680 (E.D. Cal. Aug. 4, 2008) ................................................................................. 9, 13

*Maritz Inc. v. Cybergold, Inc.*, 947 F. Supp. 1328 (E.D. Mo. 1996) ........................... 15

*Markel Am. Ins. Co. v. Pac. Asian Enters.*, 2008 U.S. Dist. LEXIS 60536 (N.D. Cal. July 28, 2008) ................................................................................... 8

*Martinez v. Perlite Institute, Inc.*, 46 Cal. App. 3d 393 (2d Dist. 1975) ...................... 7

*Multimin USA, Inc. v. Walco Int'l, Inc.*, 2006 U.S. Dist. LEXIS 33624 (E.D. Cal. Apr. 7, 2006) ...................................................................................... 8

*Murphy v. Schneider Na'l, Inc.*, 362 F.3d 1133 (9th Cir. 2003) .................................. 4

*National Auto Brokers Corp. v General Motors Corp.*, 332 F. Supp. 280, 281 (S.D.N.Y. 1971) ............................................................................ 5

1

*Adachi et al v. Carlyle Galaxy San Pedro, L.P. et al*; Case No. 08 CV 2052 JM WMc
PLAINTIFFS' REPLY IN OPPOSITION TO DEFENDANT'S MOTION TO COMPEL ARBITRATION

*Nelson by Carson v. Park Industries, Inc.*, 717 F.2d 1120 (7th Cir. 1983) ................................ 12

*OKI Am. v. Tsakanikas*, 1993 U.S. Dist. LEXIS 19475 (N.D. Cal. Dec. 6, 1993) ..................... 14

*Paccar Int'l v. Commercial Bank of Kuwait, S.A.K.*, 757 F.2d 1058 (9th Cir. 1985) ................. 16

*Pacer Global Logistics, Inc. v. AMTRAK*, 272 F. Supp. 2d 784 (E.D. Wis. 2003) ................... 8,9

*Panavision Int'l, L.P. v. Toeppen*, 141 F.3d 1316 (9th Cir. 1998) ................................ 16

*SEC v. Rose Fund, LLC*, 2004 U.S. Dist. LEXIS 22491 (N.D. Cal. Jan. 9, 2004) ..................... 17

*St. Joe Paper Co. v. Superior Court*, 120 Cal. App. 3d 991 (1st Dist. 1981) ................................ 6

*Tech Heads, Inc. v. Desktop Serv. Ctr.*, 105 F. Supp. 2d 1142 (D. Or. 2000) ....................... 14,15

*Terry Barr Sales, L.L.C. v. Amtek Metal Indus.*, 2008 U.S. Dist. LEXIS 78026 (E.D. Mich. Oct. 2, 2008) ................................................................ 5

*Turbine Engine Corp. v. Chromalloy Am. Corp.*, 265 F. Supp. 766 (D. Conn. 1967) ................. 7

*Verizon Online Servs. v. Ralsky*, 203 F. Supp. 2d 601 (E.D. Va. 2002) ..................................... 14

*Winkler-Koch Engineering Co. v. Universal Oil Products Co.*, 70 F. Supp. 77 (S.D.N.Y. 1946) ................................................................ 7,11

*Z-TEL Communs., Inc. v. SBC Communs., Inc.*, 331 F. Supp. 2d 567 (E.D. Tex. 2004) ............. 17

*Adachi et al v. Carlyle Galaxy San Pedro, L.P. et al*; Case No. 08 CV 2052 JM WMc
PLAINTIFFS' REPLY IN OPPOSITION TO DEFENDANT'S MOTION TO COMPEL ARBITRATION

### I.    Introduction

On November 24, 2008, Plaintiffs filed their <u>Amended Complaint for Violations of the Interstate Land Sales Full Disclosure Act, the Sherman Act, the Unfair Competition Law, the Common Law of Unfair Competition, Fraud, Breach of Contract, for Rescission, and for Constructive Trust and Equitable Lien</u>. On December 3, 2008, Defendants Carlyle/Galaxy San Pedro, L.P., Carlyle San Pedro GP, L.L.C., Carlyle San Pedro, L.L.C., and Carlyle Realty Partners IV, L.P. filed their <u>Amended Motion to Dismiss or Transfer Venue Pursuant to Fed. R. Civ. P. 12(b)(3) and 28 U.S.C. § § 1404(a), 1406(a), 1391</u> ("Motion"). They also filed a memorandum in support ("<u>Def's Memo</u>") and four declarations. The remaining defendants joined the Motion after they failed to respond to the summons and Plaintiffs filed a request the clerk enter their default.

In order to override the presumption favoring Plaintiffs' choice of forum and transfer this action, Defendants must show one of the following: 1) none of Plaintiffs' claims are properly venued 2) while some of Plaintiffs' claims are properly venued, pendent venue is inapplicable to Plaintiffs' remaining claims; or 3) transfer is warranted for the convenience of particular parties and witnesses.

In motions challenging venue, courts must "draw all reasonable inferences in favor of the non-moving party and resolve all factual conflicts in favor of the non-moving party." *Murphy v. Schneider Na'l, Inc.*, 362 F.3d 1133, 1138-39 (9th Cir. 2003).

Defendants have failed to bear their burden on any of the three counts because 1) Plaintiffs' antitrust claims are properly venued under the liberal "transacts business" test; 2) Plaintiffs' other claims are properly venued because Defendants purposely availed themselves of the benefits of doing business in the Southern District, conferring personal jurisdiction and making venue proper under 28 USCS § 1391(a); 3) pendent venue applies to Plaintiffs' other

claims if venue is proper for any claim; and 4) convenience transfer is not warranted because Defendants fail to specify why the current forum is inconvenient for their key witnesses.

## II.   Venue exists for Plaintiffs' antitrust claims.

### A.   Defendants' own declarations show that Plaintiffs' choice of forum meets the burden specified in 15 U.S.C. § 22, the liberal "transacts business" standard for antitrust actions.

15 U.S.C. § 22 provides:

> Any suit, action, or proceeding under the antitrust laws against a corporation may be brought not only in the judicial district whereof it is an inhabitant, but also in any district wherein it may be found or transacts business; and all process in such cases may be served in the district of which it is an inhabitant, or wherever it may be found.

Defendants admit to selling a unit at the Vue to a resident of the Southern District and a member of the plaintiff class. See <u>Declaration of Edward V. Samek</u> at 2. This satisfies the "lenient standard" for "transact[ing] business," which is even lower than the "minimum contacts" test for personal jurisdiction under *Int'l Shoe Co. v. Wash.*, 326 U.S. 310 (1945). See *Air Prods. & Controls, Inc. v. Safetech Int'l, Inc.,* 503 F.3d 544, 552 (6th Cir. 2007).

Congress amended 15 U.S.C. § 22 to include the term *transacts business* "to broaden venue in antitrust cases and to further the sound remedial policy of allowing an aggrieved party a larger number of available forums in which to litigate." *National Auto Brokers Corp. v General Motors Corp.*, 332 F. Supp. 280, 281 (S.D.N.Y. 1971). "The reason for the broad scope of the [antitrust] venue provisions was to give plaintiff the widest possible selection of venue for his benefit, to promote a 'private attorney general' type policy for exposing and policing combinations in restraint of trade." *In re Auto. Refinishing Paint Antitrust Litig.*, 358 F.3d 288, 295 (3d Cir. 2004) (internal citations omitted).

Under the "transacts business" test, "Plaintiff's cause of action need not formally arise from defendant's contacts with the forum." *Terry Barr Sales, L.L.C. v. Amtek Metal Indus.*, 2008

U.S. Dist. LEXIS 78026 (E.D. Mich. Oct. 2, 2008) (internal citations omitted). Similarly, a court did not "consider it necessary that the claim arise from the very business that was being transacted in order to have proper venue." *Board of County Comm'rs v. Wilshire Oil Co.*, 523 F.2d 125, 132 (10th Cir. 1975).

Thus, Defendants' self-serving statements about the number of proposed members of the plaintiff class in the Southern District, even if taken at face value, do them no good. The relevant question is the ***total*** business transacted by Defendants in the Southern District, not just the business that gave rise to Plaintiffs' suit in this district. In fact, as discussed in detail *infra*, Defendants Raffi Cohen and Galaxy Commercial Holding are undertaking a major commercial development in the Southern District's Chula Vista area.

**B.     Under the "transacts business" standard, Defendants do not have to conduct a high volume of business to pass the 15 U.S.C. § 22 test.**

Defendants argue that Plaintiffs have failed to carry the burden of 15 U.S.C. § 22 because "*only one* buyer…resides in the Southern District." <u>Def's Memo</u> at 1. This is incorrect. Defendants fail to mention the size of the allegedly single transaction, but assuming the unit is typical of the complex, it involves a sale of property worth $400,000 to $700,000. This easily meets the lenient "transacts business" standard.

In a California antitrust class action, a court applied the "transacts business" test to uphold jurisdiction over a paper company that "made one sale to a California resident…[after receiving] an unsolicited telephone call at its Chicago office…for the purchase of corrugated containers at a cost of $ 29,412.90"—a single sale even smaller than the condominium sale in Plaintiffs' action. *St. Joe Paper Co. v. Superior Court*, 120 Cal. App. 3d 991 (1st Dist. 1981). The court cited the Judicial Council's conclusion that:

> A state has power to exercise judicial jurisdiction over a foreign corporation which has done, or has caused to be done, an act in the state with respect to any cause of action in tort…[or] which causes effects in the state by an omission or

*Adachi et al v. Carlyle Galaxy San Pedro, L.P. et al*; Case No. 08 CV 2052 JM WMc
PLAINTIFFS' REPLY IN OPPOSITION TO DEFENDANT'S MOTION TO COMPEL ARBITRATION

act done elsewhere…unless the nature of the effects and of the corporation's relationship to the state make the exercise of such jurisdiction unreasonable.

*St. Joe*, 120 Cal. App. 3d at 995.

Another California court asserted jurisdiction over a class action in which the plaintiff employees alleged that the defendant trade association performed one negligent test of perlite ore toxicity, as "not only was [the defendant] carrying out the precise activities for which it was organized, which is an indication it was doing business in California, but also it performed an act outside California that had a very pronounced effect in California, the result of which was clearly foreseeable." *Martinez v. Perlite Institute, Inc.*, 46 Cal. App. 3d 393, 401 (2d Dist. 1975).

Similarly, the *Courtesy Chevrolet* court declined to dismiss an antitrust action against a national association that acknowledged only 2% of its members as residents of the district, as the defendant was "doing business in the state and district within the broad concept and objectives of 15 U.S.C.A. § 22, and the taking of jurisdiction by the district court would be consistent with the words and intent of the antitrust acts." *Courtesy Chevrolet, Inc. v. Tennessee Walker Horse Breeders' & Exhibitors' Asso.*, 344 F.2d 860, 865 (9th Cir. Cal. 1965).

In *Turbine Engine Corp. v. Chromalloy Am. Corp.*, 265 F. Supp. 766, 766 (D. Conn. 1967) the court found venue proper where a corporation merely made a telephone call and shipped a product into the state, despite the fact that "it maintains no office or telephone listing in Connecticut, and is not licensed to do business in this state." The court noted the special antitrust venue provision was "designed to facilitate plaintiff's choice of forum." *Chromalloy*, 265 F. Supp. at 767.

In *Winkler-Koch Engineering Co. v. Universal Oil Products Co.*, venue was upheld because the defendant's representative delivered $2,419.24 of merchandise to the district, despite delivering $1,034,867.56 of merchandise to other districts over the same 16-month period. *Winkler-Koch Engineering Co. v. Universal Oil Products Co.*, 70 F. Supp. 77, 91 (S.D.N.Y.

1946). In a 12-month period, the representative delivered $513.53 of merchandise to the district, or less than .00023 of 1% of his total sales for the entire year. *Winkler-Koch,* 70 F. Supp. at 87.

### III.    Pendent venue exists for Plaintiffs' other claims.

#### A.    Plaintiffs need not prove that venue is proper for each individual claim.

Defendants argue that "[w]hen there are multiple…claims in an action, the plaintiff must establish that venue is proper as to…each claim." <u>Def's Memo</u> at 8. To support this proposition, Defendants cite two cases. However, in the first case, a change of venue was denied,[1] and in the second case, the controversy involved a contract that contained a choice-of-venue clause.[2]

Ample precedent is directly contrary to Defendants' claim that "assuming *arguendo* that venue is proper as to Plaintiffs' antitrust claim…venue remains improper as to each of the Plaintiffs' other six claims" and "Plaintiffs' antitrust claim should be transferred…regardless of whether the other claims are dismissed or transferred." <u>Def's Memo</u> at 8. Defendants cannot divide related claims into separate cases, as pendent venue allows Plaintiffs to argue all claims with "a common nucleus of operative facts" in the same court. *Pacer Global Logistics, Inc. v. AMTRAK,* 272 F. Supp. 2d 784, 789 (E.D. Wis. 2003).

---

[1] *Markel Am. Ins. Co. v. Pac. Asian Enters.*, 2008 U.S. Dist. LEXIS 60536 (N.D. Cal. July 28, 2008). In *Markel,* when an insurance company sued three manufacturers for a ship fire, the court concluded that venue was proper because the defendants all did business in the Northern District, despite the fact that they were incorporated and headquartered elsewhere. Like *Markel*, Plaintiffs chose a district where Defendants conduct business, not necessarily where they are incorporated and/or headquartered.

[2] *Multimin USA, Inc. v. Walco Int'l, Inc.*, 2006 U.S. Dist. LEXIS 33624 (E.D. Cal. Apr. 7, 2006). In *Multimin*, a manufacturer sued a distributor for infringing on its patented formula for animal vitamins. The Multimin court transferred the case from California to Texas because the Multimin contract had a venue clause. *Multimin*, 2006 U.S. Dist. LEXIS 33624 at *11. Here, Defendants cite no venue clause.

*Adachi et al v. Carlyle Galaxy San Pedro, L.P. et al*; Case No. 08 CV 2052 JM WMc
PLAINTIFFS' REPLY IN OPPOSITION TO DEFENDANT'S MOTION TO COMPEL ARBITRATION

Litigating claims with shared facts in separate forums "undermines the very goals of judicial economy, fairness to litigants, and convenience to parties and witnesses on which venue is based." *Pacer*, 272 F. Supp. 2d at 789. Therefore, Defendants must bear the burden of demonstrating why the Court should not apply pendent venue to Plaintiffs' claims. *Pacer*, 272 F. Supp. 2d at 789. ("[T]o the extent that permitting pendent venue creates a burden on the defendant, the defendant may seek to transfer the entire action to a different district.")

In *Johnson v. Proline Concrete Tools, Inc.*, 2008 U.S. Dist. LEXIS 73680 (E.D. Cal. Aug. 4, 2008), an employee filed a civil rights and wrongful discharge suit in the Eastern District of California. The employer moved to transfer the case for lack of venue and inconvenience because the company resided in the Southern District. However, the court stated that since the employee satisfied the venue statute for one claim, it would not be proper to transfer the case or split her claims:

> Plaintiff's remaining causes of action…all share the same factual allegations as that of her Title VII claim…Accordingly, pendent venue is proper.

*Johnson*, 2008 U.S. Dist. LEXIS 73680 at *6.

Another California court denied transfer of four claims for lack of venue when the claims in question "occurred entirely [outside the district]." *Cal. Serv. Emples. Health & Welfare Trust Fund v. Advance Bldg. Maint.*, 2007 U.S. Dist. LEXIS 95517 at *8 (N.D. Cal. Dec. 26, 2007) . After finding venue for two of the plaintiffs' claims, the court found pendent venue proper over every outstanding claim and every new defendant because "there is a convergence of interest between the Defendants." *Health & Welfare*, 2007 U.S. Dist. LEXIS 95517 at *9. Defendants' motion does not contest that Defendants are corporate alter egos of Defendant Carlyle/Galaxy San Pedro, L.P., and thus that there is more than just "a convergence of interest between the Defendants."

In *Pacer Global Logistics, Inc. v. AMTRAK*, 272 F. Supp. 2d 784 (E.D. Wis. 2003), the plaintiff's case was properly venued for two out of three defendants. However, the third defendant did not do business in Wisconsin, and the cause of action did not accrue in Wisconsin. Nevertheless, the court refused to transfer or split the case on grounds of venue because:

> a claim that is not properly venued standing alone can still be heard by a court as long as another properly venued claim arising out of a common nucleus of operative facts is also brought at the same time in the same district.

*Pacer*, 272 F. Supp. 2d at 789.

Like the *Pacer* plaintiffs, the instant Plaintiffs assert "claims arising out of a common nucleus of operative facts…at the same time in the same district."

## IV. Venue exists for Plaintiffs' other claims because some Defendants are subject to general personal jurisdiction under 1391(b).

28 USCS § 1391(b) states that:

> A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) **a judicial district where *any* defendant resides, if *all* defendants reside in the same State**, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

(emphasis added)

28 USCS § 1391(b) says that:

> For purposes of venue under this chapter, a defendant that is a corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced.

Plaintiffs allege that Defendants are corporate alter egos for Defendant Carlyle/Galaxy San Pedro, L.P., whose principal place of business is 8906 West Olympic Boulevard, Suite 200, Beverly Hills, California 90211 and who is constructing a condominium in San Pedro, California. Defendants' memo does not contest Plaintiffs' allegations of alter ego identity.

9

*Adachi et al v. Carlyle Galaxy San Pedro, L.P. et al*; Case No. 08 CV 2052 JM WMc
PLAINTIFFS' REPLY IN OPPOSITION TO DEFENDANT'S MOTION TO COMPEL ARBITRATION

Defendant Mara Escrow Company is a division of Old Republic Title Company ("Old Republic"), which maintains an office and transacts continuous business in the Southern District, including an underwriting department on B Street a few blocks from the District Courthouse. Old Republic's 2007 Annual Report shows it owns 100% of the voting stock in Mara Escrow. See Declaration of Gregory S. Weston ("Weston Decl.") at ¶ 2. Further, Mara Escrow is a "consolidated subsidiary" of Old Republic, meaning its assets, liabilities, income, and other data are not separately disclosed, but in all cases merely added to Old Republic's. *Id.* Finally, Mara Escrow is being represented by Old Republic's in-house counsel. See Weston Decl., ¶ 3.

"[W]here…the subsidiary is the mere alter ego of the parent…we disregard…separate identity for personal jurisdiction purposes." *Howard v. Everex Sys.*, 228 F.3d 1057, 1069 (9th Cir. Cal. 2000) (asserting jurisdiction). Since Defendant Mara Escrow's alleged alter ego maintains an office in this district, the company is subject to the jurisdiction of this Court. "I cannot find in the cases any absolute requirement that there must be a continuous flow of goods into the district in order to sustain a finding that a particular corporation is found there. Here it seems obvious that the…office was maintained…for the purpose of conducting the business of the company." *Winkler-Koch Engineering Co. v. Universal Oil Products Co.*, 70 F. Supp. 77, 84-85 (S.D.N.Y. 1946).

Additionally, on August 28, 2008, Defendant "Raffi Cohen, President, Galaxy Commercial Holdings, LLC spoke of his commitment" to a major project to redevelop the former City Corp Yard in Chula Vista. See "Chula Vista Redevelopment Corporation Special Meeting Draft Minutes," attached hereto as Exhibit A to Weston Decl.

California courts accept that "If the defendant's activities…are 'substantial' or 'continuous and systematic,' general jurisdiction may be asserted even if the cause of action is

*Adachi et al v. Carlyle Galaxy San Pedro, L.P. et al*; Case No. 08 CV 2052 JM WMc
PLAINTIFFS' REPLY IN OPPOSITION TO DEFENDANT'S MOTION TO COMPEL ARBITRATION

unrelated to those activities." *Haisten v. Grass Valley Medical Reimbursement Fund, Ltd.*, 784 F.2d 1392, 1396 (9th Cir. Cal. 1986) (affirming jurisdiction). By undertaking a commercial redevelopment and purchasing a key shipyard in the Southern District, Defendants not only "transact[ed] business" but also took part in "substantial" and "continuous and systematic" activity in this district. Thus, the Court may assert jurisdiction over Defendants "even if the [Plaintiffs'] cause of action is unrelated to those activities."

## V.    The Court has specific personal jurisdiction over Defendants.

### A.    The Court has jurisdiction over Defendants because jurisdiction is determined by the substance, not the form, of Defendants' activities.

In *Haisten v. Grass Valley Medical Reimbursement Fund, Ltd.*, the Ninth Circuit upheld jurisdiction over a defendant corporation, despite the fact that the company "maintains no offices in California[, d]irectors' meetings and decision-making are conducted outside the state...[and] its policies of insurance have not been solicited, issued, delivered, or paid for in California." 784 F.2d 1392, 1397 (9th Cir. Cal. 1986). See also *Flynt Distributing Co., Inc. v. Harvey*, 734 F.2d 1389, 1393 (9th Cir. 1984) (distribution agreement between a nonresident defendant and a California corporation to deliver magazines to California markets was sufficient to support jurisdiction in California, despite the fact that the agreement was negotiated and signed in New York); *Nelson by Carson v. Park Industries, Inc.*, 717 F.2d 1120, 1127 (7th Cir. 1983) (a court asserted jurisdiction over a foreign manufacturer who knew of and derived economic benefit from the distribution scheme into the forum state, despite the fact that the contract was transacted outside the state).

Furthermore, in *Gordy v. Daily News, L.P.*, the Ninth Circuit reversed an order dismissing a case against a New York Newspaper for lack of jurisdiction, although "[m]ore than 99% of the circulation of the Daily News occurs within 300 miles of the New York metropolitan

*Adachi et al v. Carlyle Galaxy San Pedro, L.P. et al*; Case No. 08 CV 2052 JM WMc
PLAINTIFFS' REPLY IN OPPOSITION TO DEFENDANT'S MOTION TO COMPEL ARBITRATION

area[, t]he Daily News does not contract with or employ distributors, or solicit subscriptions, in California…[and] California circulation of the Daily News is approximately 0.0017% of the paper's total circulation." *Gordy v. Daily News, L.P.*, 95 F.3d 829, 831 (9th Cir. Cal. 1996).

Thus, "[t]he substance, not form, of the defendant's activities is dispositive [of jurisdiction]. … [T]he 'substantial connection' of a single contract with a forum state relates not to the physical transaction, i.e. the fact that it was delivered in the state, but to the 'quality and nature' of the relationship created by the contract." *Haisten,* 784 F.2nd. at 1398. In *Haisten*, jurisdiction was proper because the "contract create[d] continuing obligations between the [parties]." *Id.*

Like the *Haisten* contract, the Vue condominium purchase contract "create[d] continuing obligations between" Plaintiffs and Defendants, e.g., Defendants' obligation to complete the condominium, obtain a certificate of occupancy, set a date for closing, and deliver the property to Plaintiffs, and Plaintiffs' obligation to secure loans, select options, attend orientation, and pay the balance of the price of the property. To "continuing obligations" required the developer defendants to continuously communications with the purchaser plaintiffs in their home districts. Without these communications, the parties could not have consummated their contract.

**ii. Defendants' purposeful communications with Plaintiff class members satisfy the standard for personal jurisdiction.**

During the course of business, Defendants directed their purposeful and continual communications at purchaser parties in their home districts through the mail, over the telephone, through e-mail, and by facsimile, intending to persuade the purchasers to secure loans, select options, set closing dates for their condominium units, and otherwise permit the consummation of the contract between the parties. By addressing these commercial communications to at least

1   one member of the plaintiff class in the Southern District, Defendants indeed "transact[ed]

2   business" in this district.

3       In *Johnson v. Proline Concrete Tools, Inc.*, 2008 U.S. Dist. LEXIS 73680 (E.D. Cal.

4   Aug. 4, 2008), the court concluded that the employee's other claims were properly venued

5   independently of the Title VII claims because the defendant made telephone calls to the Eastern

6   District and because the defendant's actions damaged a resident of the Eastern District:

7

8       Whether the defendant physically entered the forum state is not dispositive. "[I]t
        is an inescapable fact of modern commercial life that a substantial amount of
9       business is transacted solely by mail and wire communications across state
        lines...So long as a commercial actor's efforts are purposefully directed toward
10      residents of another [s]tate," lack of physical contacts cannot defeat personal
        jurisdiction.
11

12      *Johnson*, 2008 U.S. Dist. LEXIS 73680 at *6-7, citing *Burger King Corp. v.
        Rudzewicz,* 471 U.S. 462, 476 (1985) (additional internal citations omitted).

13      Another California district court denied a motion to dismiss a patent infringement action

14
    for lack of venue and personal jurisdiction because the non-resident party corresponded with the
15
    resident party through telephone calls, letters, and facsimiles. These contacts "constitute[d]
16
17  purposeful availment" of the plaintiffs' forum. *OKI Am. v. Tsakanikas*, 1993 U.S. Dist. LEXIS

18  19475 at *8 (N.D. Cal. Dec. 6, 1993). Similarly, venue was proper and personal jurisdiction

19  existed when a corporate defendant sent commercial e-mails to district residents. *Verizon Online

20  Servs. v. Ralsky*, 203 F. Supp. 2d 601, 620 (E.D. Va. 2002).

21      **iii.    Defendants' "interactive website" satisfies the standard for personal
22              jurisdiction.**

23      Defendants' website allows Plaintiff class members to add their names to a "priority list"

24  and prequalify for a loan from a preferred lender, which purposefully and predictably affects
25
    purchasers outside the Central District. See Weston Decl. at ¶ 4. Since the website encourages
26
27  users to exchange information with Defendants and their associates, Defendants' website is

28
────────────────────────────────────────
13

defined as "interactive." ("[The defendant's] Web site is certainly interactive. Instead of only providing information to those who choose to visit it, [the defendant's] Web site encourages interactivity by users exchanging information with [the defendant] through the Web site." *Tech Heads, Inc. v. Desktop Serv.* Ctr., 105 F. Supp. 2d 1142, 1150 (D. Or. 2000).

In *Maritz Inc. v. Cybergold Inc.*, 947 F. Supp. 1328 (E.D. Mo. 1996), the defendant posted an advertisement for an interactive website that encouraged users to submit their areas of interest and sign up for e-mail accounts, which would allow advertisers to target specific users by their stated interests. The court denied the defendant's motion to dismiss on grounds of venue despite the lack of any evidence of actual contact with Missouri residents, and despite the fact that "other than maintaining the website 'www.cybergold.com,' CyberGold has no other contacts with the state of Missouri." The court concluded that:

> Through its website, CyberGold has consciously decided to transmit advertising information to all internet users, knowing that such information will be transmitted globally. Thus, CyberGold's contacts are of such a quality and nature…that they favor the exercise of personal jurisdiction over defendant.

*Maritz*, 947 F. Supp. at 1333.

Similarly, a court declined to dismiss a suit over a company's interactive website despite the fact that the company was not physically in Oregon, was not registered in Oregon, and had no agents, employees, or sales representatives in Oregon; in fact, only one Oregon resident had ever exchanged information over the website. The court elected to exercise personal jurisdiction over the defendant company because:

> This [interactive website] is a commercial activity involving individuals from across the United States and in foreign countries from which Desktop presumably receives income. Desktop should therefore reasonably expect its actions to subject it to jurisdiction in states where its actions cause harm.

*Tech Heads, Inc. v. Desktop Serv. Ctr.*, 105 F. Supp. 2d 1142, 1151 (D. Or. 2000).

**iv.   Plaintiffs' allegations of economic torts committed by Defendants affecting residents of this district are sufficient to establish minimum contacts, and therefore personal jurisdiction and venue.**

Plaintiffs allege that Defendants' actions had negative effects on the residents of this district. Far from contradicting this allegation, Defendants have confirmed that at least one member of the proposed class resides in this district. "Jurisdiction [is] proper in California based on the 'effects' of their [outside] conduct in California." *Calder v. Jones*, 465 U.S. 783, 788 (1984); accord, *Panavision Int'l, L.P. v. Toeppen*, 141 F.3d 1316, 1321 (9th Cir. 1998) ("In tort cases, jurisdiction may attach if the defendant's conduct is aimed at or has an effect in the forum state"); *Paccar Int'l v. Commercial Bank of Kuwait, S.A.K.*, 757 F.2d 1058, 1064 (9th Cir. 1985) ("[a] tortious act, standing alone, can satisfy all three requirements [for personal jurisdiction] if the act is aimed at a resident of the state or has effects in the state.").

The elements of jurisdiction under *Calder* are "(1) intentional actions (2) expressly aimed at the forum state (3) causing harm, the brunt of which is suffered - and which the defendant knows is likely to be suffered - in the forum state." *Panavision*, 141 F.3d. at 1321. The first element is easily satisfied by Plaintiffs' complaint. All allegations are of intentional acts or omissions, not negligence. The second and third are simply met by Defendants' knowledge of Plaintiffs' addresses. "The brunt of the harm to Panavision was felt in California. Toeppen knew Panavision would likely suffer harm there because…its principal place of business was in California[.]" *Panavision*, 141 F.3d. at 1321.

**V.   Defendants have failed to bear their burden on convenience transfer.**

**A.   Defendants have not made a "compelling case" for convenience transfer.**

"After a showing that the defendant has purposefully directed his activities at forum residents, the defendant 'must present a compelling case that the presence of some other

---

*Adachi et al v. Carlyle Galaxy San Pedro, L.P. et al*; Case No. 08 CV 2052 JM WMc
PLAINTIFFS' REPLY IN OPPOSITION TO DEFENDANT'S MOTION TO COMPEL ARBITRATION

considerations would render jurisdiction unreasonable.'" *Haisten v. Grass Valley Medical Reimbursement Fund, Ltd.*, 784 F.2d 1392, 1400 (9th Cir. Cal. 1986), citing *Burger King Corp. v. Rudzewicz*, 105 S. Ct. 2174 (U.S. 1985). Simply put, Defendants' case is not sufficiently "compelling."

**B.    Plaintiffs' place of residence is irrelevant to Defendants' motion to transfer.**

Defendants repeatedly declare that the court should transfer the case, claiming named Plaintiffs reside in the Central District. <u>Def's Memo</u> at, e.g., 1, 6, 14, and 16. However, Plaintiffs' residence is irrelevant to Defendants' motion. "Neither 1) the Clayton Act nor 2) 28 U.S.C. 1404(a) directs a court to consider a plaintiff's residence in determining a motion to transfer venue." *Z-TEL Communs., Inc. v. SBC Communs., Inc.*, 331 F. Supp. 2d 567, 572 (E.D. Tex. 2004) (denying transfer).

**C.    Defendants' vague claims of "inconvenience" do not meet their burden on overriding the presumption favoring Plaintiffs' choice of forum.**

"To demonstrate an inconvenience to witnesses, the moving party must identify relevant witnesses, state their location and describe their testimony and its relevance." *SEC v. Rose Fund, LLC*, 2004 U.S. Dist. LEXIS 22491 at *9 (N.D. Cal. Jan. 9, 2004) (transfer denied). Although Defendants argue that the convenience of witnesses weighs "heavily" in favor of transfer, they fail to meet their burden of clearly specifying their key witnesses  and instead allude to unnamed "individuals and entities" (<u>Def's Memo</u> at 14).

It is not surprising that Defendants fail to name a single non-party witness. Plaintiffs' claims are primarily ones than can be resolved as a matter of law after contemplating no more evidence than the contract at issue, e.g., Plaintiffs' claim that the contract is void or voidable as an illusory agreement and Plaintiffs' claim that the contract is void for failure to comply with the Interstate Land Sales Full Disclosure Act.

*Adachi et al v. Carlyle Galaxy San Pedro, L.P. et al*; Case No. 08 CV 2052 JM WMc
PLAINTIFFS' REPLY IN OPPOSITION TO DEFENDANT'S MOTION TO COMPEL ARBITRATION

Defendants also argue that the case should be transferred because the "records and other documents…are located in the Central District." Def's Memo at 15. However, Defendants fail to specify why these documents cannot be copied and shipped. "When documents can be easily copied and shipped…the Court does not consider their present location an important factor in the transfer analysis." *Z-TEL*, 331 F. Supp. 2d at 576 (internal citations omitted). This argument is all the weaker in the age of mandated electronic discovery. Indeed, Plaintiffs have already offered to stipulate that all documents be produced and accepted electronically.

**IV.    Conclusion**

For the foregoing reasons, Defendants' Motion to Dismiss or Transfer Venue should be denied.

DATED: January 2, 2009                  Respectfully submitted,

                                        s/Gregory S. Weston

                                        GREGORY S. WESTON
                                        THE WESTON FIRM

                                        Counsel for Plaintiffs

*Adachi et al v. Carlyle Galaxy San Pedro, L.P. et al*; Case No. 08 CV 2052 JM WMc
PLAINTIFFS' REPLY IN OPPOSITION TO DEFENDANT'S MOTION TO COMPEL ARBITRATION