# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| STEVE ADACHI, et al., | CASE NO. 08cv2052 JM(WMc) |
|---|---|
| Plaintiffs, | ORDER DENYING MOTION TO DISMISS FOR IMPROPER VENUE; GRANTING MOTION TO TRANSFER ACTION TO CENTRAL DISTRICT OF CALIFORNIA |
| vs. | |
| CARLYLE/GALAXY SAN PEDRO L.P., et al., | |
| Defendants. | |

Pursuant to Federal Rule of Civil Procedure 12(b)(3), Defendants move to dismiss the complaint for improper venue or, alternatively, to transfer the action to the Central District of California. Defendants also move to compel arbitration of Plaintiffs's claims pursuant to the Federal Arbitration Act. Plaintiffs oppose all motions and separately move for a protective order barring Defendants' communication with putative class members. Defendants oppose Plaintiffs' motion for a protective order. For the reasons set forth below, the court denies the motion to dismiss for improper venue, grants the motion to transfer to the Central District of California and denies all other pending motions as moot. The Clerk of Court is instructed to transfer this action to the Central District of California.

## BACKGROUND

On November 5, 2008 Plaintiffs Steve Adachi, Jeremy Arson, Ericka Gardea, Michael Gardea, Glenn Henderson, Mary Henderson, Steve Henderson, Victoire Havland, Douglas Kim, Imman

1  Mohammadpour, Riye Park, Eileen Peviani, Ted Sumida, and Jessica Vanderlan commenced this
2  federal question action as a purported class action against Defendants Carlyle/Galaxy San Pedro, L.P.,
3  Carlyle San Pedro GP, L.L.C., Galaxy San Pedro, L.L.C., Carlyle San Pedro, L.L.C., Carlyle Realty
4  Partners IV L.P., Galaxy Commercial Holding, L.L.C., Raffi Cohen, and Mara Escrow Company.
5  Plaintiffs are purchasers of condominium units in the Vue development located in San Pedro,
6  California (the "Development"). Carlyle/Galaxy San Pedro LP (the "Developer") is the developer of
7  the project.

8      Each named Plaintiff resides within the Central District of California. (Samek Decl. ¶6). Of
9  the approximately 239 putative class members only one potential plaintiff resides in the Southern
10  District of California. (Id. ¶7).

11      Each of the seven defendant corporate entities resides in the Central District of California as
12  well as the individual defendant, Raffi Cohen. (Caryle Decl¶1; Cohen Decl. ¶¶1, 2). No Defendant
13  regularly transacts or conducts any substantial or significant portion of their business in the Southern
14  District. (Carlyle Decl. ¶4l Cohen De3cl. ¶5).

15      In connection with the purchase of their condominium units, each Plaintiff entered into a
16  written Purchase and Sale Agreement and Joint Escrow Instructions (the "Agreement"). The
17  Agreement also contains an arbitration provision which provides, in pertinent part:

18  > By initialing in the space below you are agreeing to have any dispute arising out of the matters unclouded in this Arbitration of Disputes provision, and in the Arbitration of
19  > Disputes provision in Paragraph 12 below, decided by neutral arbitration as provided by California law and you are giving up any right you might possess to have the
20  > dispute litigated in a court or jury trial. By initialing the space below, you are giving up your judicial rights to discovery and appeal, unless those rights are specifically
21  > i8nlcuded in the "Arbitration of Disputes" provision. If you refuse to submit to arbitration after agreeing to this provision, your may be compelled to arbitrate under
22  > the authority of the California Code of Civil Procedure. Your agreement to this arbitration provision is voluntary. We have read and understand the foregoing and
23  > agree to submit disputes arising out of the matters included in the "Arbitration of Disputes" provision to neutral arbitration.
24

25  (Defendants Exhs. A-I, ¶11). The arbitrator is "authorized to provide any remedies or relief in law
26  and equity, other than punitive damages." Id.

27      Plaintiffs allege they signed purchase contracts for condominium units at the VUE. (Compl.
28  ¶13-21). The Vue consists of about 250 condominiums with a price range from $350,000 to
$1,400,000. (Samek Decl. ¶5). Based upon conduct associated with Plaintiffs' purchase of the

condominiums, Plaintiffs allege seven causes of action for violation of the Interstate Land Sales Full Disclosure Act, violation of the Sherman Act, unfair competition, violation of Cal. Bus. & Prof. Code §17200, fraud, breach of contract, and for constructive trust and equitable lien.

## DISCUSSION

**The Motion to Dismiss for Improper Venue**

Plaintiffs assert venue under 28 U.S.C. §1391 and 15 U.S.C. §15, 22, 26. In federal question actions, venue is proper "only in

> (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject o the action is situated, or (3) a judicial district in which any defendant may be found if there is no district in which the action may otherwise be brought.

28 U.S.C. §1391(b). While a corporation is only a citizen, or domicile, of the state of incorporation and the state where it maintains its principal place of business, see 28 U.S.C. §1332(c)(1), a corporation resides, for purposes of venue, "in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced. . ." 28 U.S.C. 1391(c). In antitrust actions, 15 U.S.C. §22 provides:

> Any suit, action, or proceeding under the antitrust laws against a corporation may be brought not only in the judicial district whereof it is an inhabitant, but also in any district wherein it may be found or transacts business; and all process in such cases may be served in the district of which it is an inhabitant, or wherever it may be found.

This provision was adopted "to broaden venue in antitrust cases and to further the sound remedial policy of allowing an aggrieved party a larger number of available forums in which to litigate." National Auto Brokers Corp. V. General Motors Corp., 332 F.Supp. 280, 281 (S.D.N.Y. 1971); In re Auto Refinishing Paint Antitrust Litig., 358 F.3d 288, 295 (3d Cir. 2004). In motions challenging venue, courts must "draw all reasonable inferences in favor of the non-moving party and resolve all factual conflicts in favor of the non-moving party." Murphy v. Schneider Na'l, Inc., 362 F.3d 1133, 1138-39 (9th Cir. 2003).

Here, the court concludes that venue is established under 15 U.S.C. §22. Under the "transacts business" test, a plaintiff's cause of action need not directly arise from defendant's contacts with the forum. See Board of County Comm'rs v. Wilshire Oil Co., 523 F.2d 125, 132 (10th Cir. 1975). Here, the sale of one condominium unit at a purchase price in excess of $350,000 to a San Diego resident,

1  (Samek Decl. ¶7), satisfies the transacts business requirement of 15 U.S.C. §22. See Courtesy
2  Chevrolet, Inc. v. Tennessee Walker Horse Breeders' & Exhibitor's Ass'n, 344 F.2d 860, 865 (9th Cir.
3  1065); Turbine Engine Corp. v. Chromalloy Am. Corp., 265 F.Supp. 766 (D.Conn. 1967). Plaintiffs
4  have also identified additional instances of Defendants transacting business in the Southern District:
5  defendant Cohen, president of Galaxy Commercial Holdings, LLC, has sought to develop properties
6  in the Southern District, (Weston Decl. Exh. A), and Mara Escrow is a consolidated subsidiary of Old
7  Republic Title Co., located in the Southern District of California. (Weston Decl. ¶2).

8  In sum, the motion to dismiss for improper venue is denied.

9  **The Motion to Transfer Venue**

10  Defendants move to transfer this action to the Central District of California. Under 28 U.S.C.
11  §1404(a), the court may transfer an action to any other district or division where it might have been
12  brought "[f]or the convenience of the parties and witnesses and in the interest of justice." Goodyear
13  Tire & Rubber Co. v. McDonnell Douglas Corp, 820 F.Supp. 503, 506 (C.D. Cal. 1992). A
14  convenience transfer under §1404(a) requires the court to assess a variety of factors and "involves
15  subtle considerations and is best left to the discretion of the trial judge." Sparling v. Hoffman
16  Construction, 864 F.2d 635, 639 (9th Cir. 1988). The court may consider the convenience of the
17  parties and witnesses, and the promotion of judicial efficiency and economy in determining whether
18  to transfer an action. Id. Private factors to be considered include the location where the operative
19  events occurred, the convenience of the parties and non-party witnesses, the location of relevant
20  evidence, the availability of compulsory process, and other practical considerations for the efficient
21  and cost-effective resolution of claims. Decker Coal Co. V. Commonwealth Edison Co., 805 F.2d
22  834, 843 (9th Cir. 1986). Courts also look to the so-called public factors such as relative docket
23  congestion, the local public and jury pool's interest in the controversy, and issues relative to judicial
24  economy. Id. at 508-09. Defendants have the burden of demonstrating that transfer is appropriate.
25  See Commodity futures Trading Comm'n v. Savage, 611 F.2d 270, 279 (9th Cir. 1981).

26  Here, the court concludes that a venue transfer is warranted to promote the fair and efficient

1   resolution of Plaintiffs' claims.[1]  All named Defendants and Plaintiffs reside in the Central District and
2   only one of 239 prospective class members resides in the Southern District.  The events giving rise
3   to Plaintiffs claims all arose in the Central District.  The property at issue is located within the Central
4   District.  Moreover, a transfer to the Central District will promote the convenience of both party and
5   non-party witnesses as the individuals and entities with knowledge of the underlying transactions all
6   reside in the Central District.  (Cohen Decl. ¶11; Galaxy Decl. ¶11; Mara Decl. ¶6).  The court
7   concludes that these convenience factors overwhelming favor transfer of this action to the Central
8   District.

9   The so-called public interest factors also favor transfer.  The present dispute in not the type of
10  localized controversy over which the Southern District should exercise jurisdiction.  The property at
11  the heart of the dispute, all named plaintiffs, all defendants, and the allegedly wrongful conduct all
12  occurred in the Central District.  Under these circumstances, a convenience transfer is warranted
13  pursuant to 28 U.S.C. §1404(a).

14  In sum, the court denies the motion to dismiss for improper venue and grants the motion to
15  transfer the action to the Central District of California.  All other motions are denied as moot.  The
16  Clerk of Court is instructed to transfer this action to the Central District of California.

17  **IT IS SO ORDERED.**

18  DATED: January 30, 2009

19  _____
20  Hon. Jeffrey T. Miller
    United States District Judge

21  cc:        All parties

---

28  [1] At the time of oral argument, both parties acknowledged that venue is proper in the Central District of California.